UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:05-CR-104 |
| V. | ) | (JARVIS/SHIRLEY) |
| | ) | |
| | ) | |
| DAVID MARIUS GUARDINO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on March 28, 2006, for a hearing on the defendant's Motion To Continue Trial And Plea Cut-Off Date [Doc. 16], filed on March 13, 2006. Assistant United States Attorney Charles E. Atchley, Jr., appeared on behalf of the government. Assistant Federal Defender Jonathan Moffatt represented the defendant, who was also present.

In his motion, the defendant requests that the Court continue the trial of this matter set for May 23, 2006 and the plea cutoff date set for April 17, 2006. He contends that despite reasonable diligence on the part of counsel, the case is not ready for hearing as counsel has recently received several bankers boxes full of documents and twenty (20) audio cassettes in discovery and has not yet completed reviewing these materials. Counsel also maintains that expert services are necessary in this case, and that while he has retained an accounting firm, the firm will not be

1

available to assist counsel until after the end of "tax season." Counsel stated that much of the accounting work could be completed by counsel and staff, but that it would entail a time consuming review of financial records and other journals. He notes that the government has had possession of the records which were provided in discovery for approximately five (5) years and the internal revenue service has actively worked on the case for at least four (4) years. Defense counsel avers that he has fully explained to the defendant his right to a speedy trial and states that the government does not object to this motion.

At the March 28 hearing, defense counsel requested a seven-month continuance, stating he that he needed time to review and calculate voluminous financial documents, to have experts review the documents, to assess the need to file further motions, and to prepare the case for trial, which he stated would likely take two (2) weeks to try. The government stated that it did not object to the defendant's requested continuance of the trial and plea cut-off date, noting that there were lot of documents in this case and that the government anticipated spending eight (8) weeks preparing for the trial of this case itself. It did, however, request a plea cut-off date that was approximately six (6) to seven (7) weeks before trial.

The Court questioned the defendant at the hearing, who confirmed that he had discussed his right to a speedy trial with his attorney and stated that he did not object to his attorney's request that the trial be continued. The defendant furthermore stated that he understood that he must continue to comply with the terms of his release.

The Court finds the defendant's motion for a continuance of the May 23, 2006 trial date to be well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court

notes that it has already declared this case to be unusual and complex for purposes of the Speedy Trial Act due to the nature of the prosecution and the voluminous discovery involved [Doc. 15]. See 18 U.S.C. § 3161(h)(8)(B)(iii). Additionally, the Court notes that even if this case were not complex, an ends of justice continuance would be justified based upon counsel's need for time to review voluminous financial documents and prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv).

In light of the voluminous discovery involved and reasons stated by defense counsel above, the court finds that defense counsel could not prepare effectively by the May 23 trial date, or in less than seven months, despite counsel's use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the defendant's Motion To Continue Trial And Plea Cut-Off Date [**Doc. 16**] is **GRANTED**, and the trial is reset for **October 11, 2006**. The Court further finds, and the parties agreed, that the period of time between the **March 28, 2006** hearing and the new trial date of **October 11, 2006**, is fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A)-(B).

Regarding other scheduling in the case, the motion-filing deadline is extended to **June 30, 2006**. Responses are due on or before **July 17, 2006**. The plea cut-off date is reset for **August 24, 2006** and the parties are to appear before the undersigned for a pretrial conference on **August 24, 2006, at 10:30 a.m.**

Accordingly, it is **ORDERED:**

(1) The defendant's Motion To Continue Trial And Plea Cut-Off Date [**Doc. 16**] is **GRANTED**;

(2) The trial is reset to commence at **9:00 a.m., on October 11, 2006,** before the Honorable James H. Jarvis, United States District Judge;

(3) All time between the **March 28, 2006** hearing date and the

3

**October 11, 2006** trial date is fully excludable time under the Speedy Trial Act as set forth above;

(4) A new motion deadline is set for **June 30, 2006**;

(5) Responses are due on **July 17, 2006**;

(6) A new plea cut-off date is set for **August 24, 2006**; and

(7) A pretrial conference is set for **August 24, 2006, at 10:30 a.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge